**UNITED STATES of America, Appellee,**

v.

**Juan VASQUEZ, Defendant–Appellant.**

**Nos. 1601, 1050, Dockets 94–1433(L), 94–1469.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 20, 1996.

Decided May 22, 1996.

Robert Koppelman, New York City, for defendant-appellant.

Thomas M. Finnegan and Alexandra Rebay, Asst. U.S. Attys., New York City, submitted a letter brief for appellee.

Before: NEWMAN, Chief Judge, McLAUGHLIN, and LAY,* Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal from a judgment that includes a conviction for a firearm offense in violation of 18 U.S.C. § 924(c) is before the Court on remand from the Supreme Court "for further consideration in light of Bailey v. United States," —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Bailey narrowed the definition of "use" of a firearm for purposes of section 924(c) from the definition previously prevailing in this Circuit, see, e.g., United States v. Santos, 64 F.3d 41, 45 (2d Cir.1995), and applied in this case by both the District Court in the jury instructions and by this Court in initially affirming the conviction.

In response to our invitation to the parties to express their views as to the appropriate disposition, the Government has acknowledged that Bailey has rendered the jury charge on the section 924(c) count erroneous. Furthermore, the Government has conceded that, on the facts of this case, the erroneous jury instruction requires that the section 924(c) conviction be vacated. The Government represents that it will not retry Vas-

quez on the section 924(c) charge, but urges that the case be remanded for resentencing on the three remaining counts, which involve narcotics offenses.

■■■■ 1. *Vacating the section 924(c) count.* Preliminarily, we observe that the Government's concession that the section 924(c) conviction should be vacated does not automatically govern an appellate court's disposition of an appeal. *See Gibson v. United States,* 329 U.S. 338, 344 & n. 9, 67 S.Ct. 301, 304 & n. 9, 91 L.Ed. 331 (1946) (reversal, after independent consideration, following Solicitor General's confession of error); *Young v. United States,* 315 U.S. 257, 258–59, 62 S.Ct. 510, 511–12, 86 L.Ed. 832 (1942) (same); *see also DeMarco v. United States,* 415 U.S. 449, 450, 94 S.Ct. 1185, 1186, 39 L.Ed.2d 501 (1974) (Rehnquist, J., dissenting) ("It is well established that this Court does not, or at least should not, respond in Pavlovian fashion to confessions of error by the Solicitor General."); *Petite v. United States,* 361 U.S. 529, 532, 80 S.Ct. 450, 452, 4 L.Ed.2d 490 (1960) (Brennan, J., dissenting) ("Even where the Government confesses error, this Court examines the case on the merits...."). *Cf. Alvarado v. United States,* 497 U.S. 543, 544–45, 110 S.Ct. 2995, 2996–97, 111 L.Ed.2d 439 (1990) (remanding for reconsideration in light of Solicitor General's position, without independent assessment); *Chappell v. United States,* 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) (same).

In the aftermath of *Bailey,* the status of pre-*Bailey* convictions for violations of section 924(c) is somewhat unclear, although the ground-rules are emerging. We have ruled that where a section 924(c) conviction is challenged for insufficiency of the evidence, the sufficiency of the evidence to support conviction on the "carrying" prong of the statute may be relied upon to sustain the conviction, notwithstanding the insufficiency of the evidence to support a conviction on the "use" prong, as narrowed by *Bailey.* *See United States v. Giraldo,* 80 F.3d 667, 675–76 (2d Cir.1996). *Giraldo* applied the doctrine of

---

* The Honorable Donald P. Lay of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), which held that where evidence is sufficient to support one theory of committing an offense but insufficient to support another theory and both theories were submitted to the jury, a general verdict will be sustained on the assumption that the jury rested its verdict on the valid theory. *Griffin,* 502 U.S. at 56–58, 112 S.Ct. at 472–74. *Griffin,* however, distinguished its approach from the situation where one of two theories submitted to a jury is legally deficient (evidently not regarding insufficiency of the evidence as a "legal" deficiency in this context). *Id.* at 58–59, 112 S.Ct. at 473–74. This approach was implicitly approved by *Bailey* itself, which remanded for consideration of sufficiency of the evidence as to "carrying" after ruling that the evidence was insufficient as to "use." *Bailey,* —— U.S. at ——, 116 S.Ct. at 509.

The pending case presents a different issue—whether a jury instruction, erroneous under *Bailey,* requires reversal. We have recently held a *Bailey* error in an instruction to be harmless where it could be said, based on consideration of the entire jury charge and the evidence, that the jury's finding of a section 924(c) violation was the "functional equivalent," *Sullivan v. Louisiana,* 508 U.S. 275, 279–81, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993), of a finding that the firearm had been unlawfully carried. *United States v. Pimentel,* 83 F.3d 55 (2d Cir.1996). That conclusion was reached in *Pimentel* because the firearm was only in one location, and that location was immediately accessible to a co-defendant for whose offense the appellant was liable under a *Pinkerton* charge.

Unlike *Pimentel,* the evidence in the pending case, if accepted by the jury, reveals that the gun could have been found to have been located at either (or both) of two locations. One location was Vasquez's apartment. The other was on his person when he went to a meeting with his narcotics associates. Under the instructions, the jury could have improperly found the first circumstance to be "use" and properly found the second circumstance to be "carrying." Since we are unable to determine whether the verdict rested on a legally sufficient theory and the verdict is not

the functional equivalent of a necessary finding of "carrying," we agree with the Government that the firearm conviction must be vacated.

■ *2. Remanding for resentencing.* We also agree with the Government that, in a case such as this, a remand for consideration of resentencing on the remaining counts is appropriate. Though we have not countenanced a revision of a sentence imposed on a count unrelated to counts that were vacated, *see United States v. Pisani,* 787 F.2d 71, 75–76 (2d Cir.1986), we have recognized that *Pisani* is limited to the context of unrelated counts, *see United States v. Bohn,* 959 F.2d 389, 395 (2d Cir.1992). Pursuant to this distinction, we have frequently upheld increased sentences on remaining counts after conviction of a related section 924(c) count has been vacated. *See United States v. Medina,* 74 F.3d 413, 417 (2d Cir.1996); *United States v. Diaz,* 834 F.2d 287, 290 (2d Cir.1987), *cert. denied,* 488 U.S. 818, 109 S.Ct. 57, 102 L.Ed.2d 35 (1988); *McClain v. United States,* 676 F.2d 915, 918 (2d Cir.), *cert. denied,* 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982).

Accordingly, the conviction on Count Thirteen (section 924(c) violation) is vacated, the convictions on the remaining counts are affirmed, and the case is remanded to permit the District Court to consider resentencing.