**UNITED STATES of America, Appellee,**

v.

**Dennis MELENDEZ; Edwin Ruiz; Domenic Bruno; Moises Serrano; Edward Ramos; Timothy Douglas; Angel Valentin, Rafael Brillon; Marlene Ebanks; and Hector Alejandro, Defendants,**

**Steven Ramos, Raul Rodriguez, Johnny Davila, Leonard Mas, Luis Rosario, Antonio Sanchez, Edwin Mendoza, Hector Colon also known as Little Hec, Defendants–Appellants.**

Nos. 530(L), 371, Dockets 93–1087(L), 93–1127.

United States Court of Appeals, Second Circuit.

Argued May 23, 1994.

Decided Jan. 26, 1995.

Opinion Amended July 10, 1995.

Vacated and Remanded Feb. 20, 1996.

Submitted June 4, 1996.

Decided July 23, 1996.

Leonard J. Levenson, New York City, submitted a letter brief, for Defendant–Appellant Hector Colon.

Andrew B. Lachow, Assistant United States Attorney for the S.D.N.Y., New York City (Mary Jo White, United States Attorney, Alexandra Rebay, Assistant United States Attorney for the S.D.N.Y., of counsel), submitted a letter brief, for Appellee United States.

Before VAN GRAAFEILAND, CARDAMONE and ALTIMARI, Circuit Judges.

PER CURIAM.

This case was before us earlier on appeal from a judgment entered by the United States District Court for the Southern District of New York (Ward, J.) convicting Hector Colon of, *inter alia*, violating 18 U.S.C. § 924(c)(1), which enhances by thirty years the prison term of any person who "during and in relation to any ... drug trafficking crime ... uses or carries a firearm" when that firearm is a machine gun. *See United States v. Melendez*, 60 F.3d 41 (2d Cir.1995). In *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the Supreme Court held that a defendant cannot be convicted of using a firearm in violation of § 924(c)(1) simply because a firearm is present at the scene of a drug crime or was in the defendant's possession. That holding substantially narrowed the definition of "use" of a firearm. *See United States v. Vasquez*, 85 F.3d 59, 60 (2d Cir.1996).

The Supreme Court therefore granted Colon's petition for· certiorari, vacated our prior judgment affirming his conviction, and remanded the case to us for further consideration in light of *Bailey*. *Colon v. United States*, —— U.S. ——, 116 S.Ct. 900, 133 L.Ed.2d 834 (1996). We requested the parties to submit letter briefs, which they have both done, and we now vacate and remand the case to the district court.

## PRIOR PROCEEDINGS

Colon was a member of a criminal conspiracy that distributed massive amounts of heroin in the New York and New Jersey area. The government presented evidence at trial that he sold heroin at two sites in the Bronx, that he maintained records of the conspiracy's heroin transactions, and that he participated in two shootings, one of a co-conspirator suspected of stealing from the organization, and the other of two individuals who robbed a "stash" house where heroin and money were stored. *Melendez*, 60 F.3d at 44–45. When police arrested Colon at his girlfriend's apartment on January 9, 1991, they observed several items coming out a window, including a loaded machine gun, heroin, and drug records. *Id.* at 45.

The district court instructed the jury on the § 924(c)(1) count as follows:

A defendant "carries" a firearm or machine gun if he transports or conveys the weapon, or has possession of it in the sense that at a given time he had both the power and intention to exercise control over it. The Government need not prove that the defendant actually carried the weapon on his person.

The term "use" is somewhat broader in meaning. It is not necessarily for the Government to establish that the weapon was actually fired or brandished or even displayed. The Government must show, however, that the defendant you are considering had possession of the weapon in the sense that, at a given time, he had both the power and intention to exercise dominion or control over it, or had aided and abetted another in using the weapon in relation to a drug trafficking crime.

The trial court further charged that when determining whether a weapon was "used or carried during or in relation to the drug trafficking crime charged," the jury must decide if the government proved that the defendant intended the weapon to be "readily available for use during the drug trafficking crime."

In affirming Colon's conviction for violating § 924(c)(1), we followed then-governing law, explaining that "a jury may find the presence of guns facilitated a drug crime when firearms are located in a place where drug transactions have occurred or where drugs are manufactured or stored." *Melendez*, 60 F.3d at 47 (citing *United States v. Fermin*, 32 F.3d 674, 678 (2d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1145, 130 L.Ed.2d 1104 (1995)).

## DISCUSSION

■ The Supreme Court has now instructed us that a defendant does not use a firearm merely by "storing a weapon near drugs or drug proceeds," *Bailey*, —— U.S. at ——, 116 S.Ct. at 508; more than mere possession or "proximity and accessibility" is required, *id.* at ——, 116 S.Ct. at 506. Rather, there must be *"active employment"* of the firearm, which includes "brandishing, displaying, bar-

tering, striking with, and most obviously, firing or attempting to fire." *Id.* at ——, 116 S.Ct. at 508.

■ The charge in our case specifically stated that the government need not establish "that the weapon was actually fired or brandished or even displayed" and that a conviction could be based simply on a finding that "the defendant ... had possession of the weapon in the sense that, at a given time, he had both the power and intention to exercise dominion or control over it." Thus, in light of *Bailey*'s active employment requirement, it is clear that Colon's jury instructions were erroneous. *See United States v. Pimentel,* 83 F.3d 55, 59 (2d Cir.1996).

■ Next, it must be determined whether the erroneous instruction may be described as harmless. *Vasquez,* 85 F.3d at 61. Although the government concedes that we should vacate the conviction, we must independently decide this question. *Id.* at 60. Our recent decisions state that an incorrect jury instruction is harmless only when, after considering the charge as a whole, it can be said that "the jury's finding of a section 924(c) violation was the 'functional equivalent'... of a finding that the firearm had been unlawfully carried." *Id.* at 61 (citing *Pimentel,* 83 F.3d at 60). In *Vasquez,* we explained that when we are unable to determine whether a verdict rested on a legally deficient theory, we must vacate the conviction. *See id.*

■ Such is the case here. It is true that evidence was presented showing that Colon carried a machine gun on perhaps two occasions—when he received it from a coconspirator and later when he was in his girlfriend's apartment with the gun and some heroin on the day of his arrest. But, as the government properly concedes, the indictment does not specifically charge Colon with possession of the firearm on specific occasions—it refers only generally to his using or carrying it on at least one occasion between late 1988 and January 9, 1991. During most of this time, the defendant's gun was neither used nor carried but was stored in his girlfriend's apartment. As we cannot determine the precise basis on which Colon's conviction rested

and because one potential basis for his conviction is legally insufficient, the conviction must be vacated.

■ Our final task is to decide what further proceedings are warranted. Both parties agree that a remand for resentencing is appropriate, at which time the government may attempt to enhance Colon's sentence under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a drug-related offense. The government urges, in addition, that we remand for retrial on the § 924(c)(1) count, pointing to the evidence discussed earlier that shows that Colon may have "carried" the weapon within the meaning of the statute. Defendant opposes retrial, arguing that no evidence was presented showing that he "carried" a weapon during and in relation to a drug-trafficking offense, and that retrial would require the government constructively to amend his indictment in violation of the Fifth Amendment's grand jury guarantee, *see United States v. Attanasio,* 870 F.2d 809, 817 (2d Cir.1989).

In *Bailey,* the Supreme Court recognized that a firearm can be carried without being used. *Bailey,* —— U.S. at ——, 116 S.Ct. at 507. Therefore, facts such as those revealed in this record might support a conviction for carrying a firearm under § 924(c)(1). In fact, in *Bailey* itself, the Court remanded for consideration of whether the defendant's conviction could be upheld under the "carry" prong of the statute. *Id.* at ——, 116 S.Ct. at 509.

Nonetheless, because the district court is more familiar with the record and the parties have not addressed this issue in any detail, we think the trial court should decide this question in the first instance. Should the district court decide against retrial, or should Colon be acquitted in a subsequent trial, the government is still free to seek a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1).

## CONCLUSION

Accordingly, Colon's conviction under 18 U.S.C. § 924(c)(1) is vacated and the case is remanded to the district court for it to consider whether retrial under the "carrying"

22

portion of § 924(c)(1) is appropriate in light of the evidence presented at the first trial.