## STATE

v.

## Lyle James SMITH.

### No. 98–572–C.A.

Supreme Court of Rhode Island.

April 30, 2002.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

Lyle James Smith, pro se.

### O R D E R

This case came before the Court in conference on the state's confession of error and on the state's motion to sustain defendant's appeal, vacate the judgment of conviction, and remand the papers to the Superior Court for a new trial. The defendant has joined in the motion. The state concedes defendant's contention on appeal that his waiver of his right to counsel did not comport with the requirements of the Sixth Amendment of the United States Constitution.

We observe at the outset that the state's initial motion to vacate the judgment of conviction in this case was not accompanied by a proper confession of error, although the state subsequently corrected this significant omission. In future cases wherein the state moves to sustain a defendant's appeal and to vacate a judgment of conviction, the state's motion shall be accompanied by a confession of error specifically denoting the error asserted as a basis for reversal. Further, in any such case, this Court reserves the right to assign the motion to the argument calendar for the Court's independent consideration of the asserted error, because the state's concession that a conviction should be vacated "does not automatically govern an appellate court's disposition of an appeal." [*See United States v. Vasquez,* 85 F.3d 59 (2nd Cir.1996) and cases cited therein.]

Since the state's motion presently before the court now contains a confession of error, we are of the opinion that such motion in the circumstances of this case should be granted. Accordingly, pursuant to the state's confession of error, the defendant's appeal is sustained. The judgment of conviction is reversed and the papers in the case are remanded to the Superior Court for a new trial on the charge of domestic assault.