STATE

v.

**Reynaldo RODRIGUEZ.**

No. 2000–411–C.A.

Supreme Court of Rhode Island.

June 4, 2002.

Lauren Sandler Zurier/Aaron L. Weisman, Providence, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

### OPINION

PER CURIAM.

The defendant, Reynaldo Rodriguez, has appealed a judgment of conviction on three counts: (1) possession of a controlled substance with intent to deliver, (2) conspiracy to possess a controlled substance with intent to deliver, and (3) possession of drug

paraphernalia with intent to deliver. The defendant was sentenced to twenty-five years, fifteen years to serve, on the first two counts, and two years to serve on the third count, and he was fined $750. Five years of the sentence on the first count were imposed pursuant to the habitual offender statute. During the pre-briefing process before this Court, the state conceded that the evidence was legally insufficient to support a conspiracy conviction, and the pre-briefing justice vacated the conviction and sentence on the conspiracy charge and dismissed the second count of the indictment.[1]

The case came before the Supreme Court for oral argument on May 14, 2002, pursuant to an order directing the parties to show cause why the remaining issues in this appeal should not be summarily decided. After hearing oral arguments and after reviewing the record and the memoranda of the parties, we are of the opinion that cause has not been shown, and we summarily affirm the judgment of the Superior Court with respect to counts one and three of the indictment.

In May 1997, Sgt. Joseph Lennon (Sgt. Lennon) of the Providence police department executed a search warrant for heroin and "any articles relating to the sale and or use of narcotics" at the Rogers Recreational Center (center) in Providence. At that point, the director of the center, Leo Cronan, Jr. (Cronan), was the target of the investigation. During the search, the officers discovered a box containing approximately forty rounds of .45 caliber am-

munition above a ceiling panel in the bathroom/shower room. In the same location, Sgt. Lennon also discovered a shoe box containing numerous items, including a coffee sifter—referred to in later testimony as a coffee grinder or coffee mill—containing white residue, two plastic sifters, ink stamps, scotch tape, masking tape, a digital gram scale, a glass pestle containing white residue, a banking card, a paint brush, a stainless steel spoon, empty glassine packets, a plastic bag, and some rubber bands. A field test conducted by Sgt. Lennon indicated that the white residue was heroin, which was confirmed by subsequent laboratory tests. Based on his experience in narcotics investigations, Sgt. Lennon concluded that all the items in the shoe box were used for "bagging heroin," a process by which heroin is cut with other ingredients to reduce its strength, before placing it in smaller bags for sale on the street. He acknowledged that all the items found in the box could be purchased legally.

Sergeant Lennon testified that after he questioned Cronan at the police station, he determined that Cronan had no knowledge of the items in the box, and no charges were brought against him. After receiving further information about fingerprints on the items that were seized, Sgt. Lennon charged defendant and another individual, one Emiliano Pagan.

At trial, Cronan testified that he had loaned the keys to the center to five people on occasion, including defendant, who was his nephew by marriage. Cronan asserted

1. In *State v. Smith,* 797 A.2d 1073 (R.I.2002) (mem.), this Court gave notice that:
 "In future cases wherein the state moves to sustain a defendant's appeal and to vacate a judgment of conviction, the state's motion shall be accompanied by a confession of error specifically denoting the error asserted as a basis for reversal. Further, in any such case, this Court reserves the right to assign the motion to the argument calendar for the Court's independent consideration of the asserted error, because the state's concession that a conviction should be vacated 'does not automatically govern an appellate court's disposition of an appeal.' [*See United States v. Vasquez,* 85 F.3d 59 (2nd Cir.1996) and cases cited therein.]"

that the keys were "like a city key" and could not be copied. Over defendant's objection, Walter Williams (Williams), a former member of the Providence police force, was qualified as an expert in fingerprint identification. Williams testified that he discovered latent prints on the coffee mill, the glass pestle, and the ammunition box that matched defendant's fingerprints. Specifically, he matched the print of defendant's right ring finger to the print on the coffee mill, the print of defendant's right thumb to the print found on the pestle, and defendant's left thumb print to the print found inside the ammunition box. Williams also identified a palm print on the shoe box as belonging to defendant. He noted that there were two other palm prints on the shoe box that he positively identified as belonging to Emiliano Pagan. On cross-examination, Williams testified that he cannot tell when a fingerprint was placed on an item, or how long it has been there.

At the close of the state's case, defendant moved for a judgment of acquittal, which was denied. The defendant renewed the motion after the close of evidence, and the trial justice affirmed her denial of the motion. The jury found defendant guilty on all three counts, and defendant's motion for a new trial was denied. The defendant appealed, arguing first, that the evidence was legally insufficient to support his convictions and second, that the trial justice abused her discretion when she qualified Williams as an expert in fingerprint identification.

This Court has held that "[i]n reviewing a claim of legal sufficiency of the evidence in the context of a motion for a judgment of acquittal, this Court applies the same standard as that applied by the trial court, namely, '[we] must view the evidence in the light most favorable to the state, * * * giving full credibility to the state's witnesses, and draw therefrom all reasonable inferences consistent with guilt.' " *State v. Otero*, 788 A.2d 469, 475 (R.I.2002) (quoting *State v. Snow*, 670 A.2d 239, 243 (R.I. 1996)). Moreover, this Court has held that circumstantial evidence, including fingerprint evidence, may be sufficient to support a conviction, *State v. Jackson*, 570 A.2d 1115, 1117–18 (R.I.1990) (per curiam), "as long as the totality of the circumstantial evidence presented to the finder of fact constitutes proof of guilt beyond a reasonable doubt." *Otero*, 788 A.2d at 473 (quoting *State v. Hornoff*, 760 A.2d 927, 932 (R.I.2000)).

■ Here, defendant asserted that, in the absence of proof that his fingerprints could only have been left on the seized items during the commission of the crime, the state could not rely on the fingerprint evidence to prove defendant's guilt. For support, defendant cited, *inter alia*, *State v. Moran*, 699 A.2d 20, 29 (R.I.1997), in which this Court vacated the conviction of a defendant (Gregoire) alleged to have been the driver of a getaway car during a robbery. The only evidence against Gregoire consisted of two fingerprints on the outside of the car, and the state's fingerprint expert was unable to determine how long the fingerprints had been in place. *Id.* at 28–29. This Court held that the evidence, standing alone, was insufficient to establish beyond a reasonable doubt that the defendant drove the getaway car. We reasoned that "the long and the short of it is that Gregoire may have innocently left his prints there either before or after the robbery." *Id.* at 28.

The instant case differs from *Moran* in several material respects. First, unlike the robbery charge in *Moran*, the crimes with which defendant has been charged were not time-specific. The prosecution in this case was not required to show that defendant left his fingerprints on the objects at a particular date and time. *Cf. Mikes v. Borg*, 947 F.2d 353, 356–57, 360

(9th Cir.1991) (holding that fingerprint evidence was insufficient to support a murder conviction in a case in which the prosecution depended upon a showing that defendant's fingerprints were left on the murder weapon during the commission of the crime). Here, in contrast, the possession of the items in question formed the basis of the charges against defendant. Second, in the case at bar, there was additional circumstantial evidence linking defendant to the crime, specifically, Cronan's testimony that defendant was one of six people who had access to the center during the relevant time period.

Finally, as the state pointed out, "this is not a case where defendant's fingerprints were found on a single item under circumstances which could have been easily or logically explained by an innocent use of that item." In *State v. Todd,* 101 Wash. App. 945, 6 P.3d 86, 90 (2000), the defendant's fingerprints were found on four different objects associated with a methamphetamine "box lab." The court observed that "an innocent explanation is 'much more remote' with fingerprints on two items, 'extremely unlikely' with fingerprints on three items, and 'nearly impossible' with fingerprints on four different items." *Id.* Here, given Sgt. Lennon's testimony that there was "no other explanation" for how these objects were being used except to "bag" heroin, the probative value of the fingerprint evidence increased exponentially with each additional item that bore defendant's mark. In sum, we are of the opinion that the totality of the circumstantial evidence and the fingerprint evidence against defendant were sufficient for a jury to conclude beyond a reasonable doubt that defendant possessed the drug paraphernalia by dominion and control and that he possessed heroin with the intent to deliver.

 Next, defendant argued that the trial justice erred in qualifying Williams as an expert in the area of fingerprint analysis. We disagree. Under Rule 702 of the Rhode Island Rules of Evidence, a witness may be qualified to testify as an expert on the basis of "knowledge, skill, experience, training, or education." The determination of "whether a given expert is qualified to testify on a particular subject" rests within the sound discretion of the trial justice, and this Court will not disturb a trial justice's finding on that issue absent an abuse of that discretion. *State v. Collins,* 679 A.2d 862, 867 (R.I.1996). In this case, Williams testified that he had approximately seventeen years of experience in fingerprint identification. He was a member of the International Association of Identification (IAI), although he admitted that he was not certified by IAI because he failed its examination. Williams testified that he had taken numerous seminars offered by the Federal Bureau of Investigation and IAI, and he had published an article in the IAI journal. In addition, Williams had identified thousands of people based on fingerprints, and he had been qualified as an expert in this field more than fifty times in state and federal courts. Although Williams did not pass the certification examination offered by IAI, such certification was not a prerequisite for his qualification as an expert witness. R.I.R.Evid. 702. Therefore, we are of the opinion that the trial justice did not abuse her discretion in qualifying Williams as an expert in the field of fingerprint identification.

In conclusion, we deny and dismiss the defendant's appeal, and we affirm the judgment of the Superior Court with respect to counts one and three of the indictment and return the papers in the case to the Superior Court.