489 F.3d 125
 NATIONAL ABORTION FEDERATION, Mark I. Evans, M.D., Carolyn Westhoff, M.D., Cassing Hammond, M.D., Marc Heller, M.D., Timothy R.B. Johnson, M.D., Stephen Chasen, M.D., and Gerson Weiss, M.D., Plaintiffs-Appellees,
v.
Alberto GONZALES, in his capacity as Attorney General of the United States, along with his officers, agents, servants, employees, and successors in office, Defendants-Appellants.
No. 04-5201-CV.
 United States Court of Appeals, Second Circuit.
 April 25, 2007.
 
 A. Stephen Hut, Wilmer Cutler Pickering Hale & Dorr, LLP, Washington, DC, Rebekah Diller, New York Civil Liberties Union Foundation, Susan Talcott Camp, American Civil Liberties Union, New York, NY, for Plaintiffs-Appellees.
 Sean H. Lane, U.S. Attorney's Office, New York, NY, for Defendants-Appellants.
 Present: JON O. NEWMAN, JOHN M. WALKER, JR., and CHESTER J. STRAUB, Circuit Judges.
 
 ORDER
 
 JOHN M. WALKER, JR., Circuit Judge.
 
 
 1
 By order dated March 7, 2006, this court stayed further briefing on the issue of remedy pending the decision by the Supreme Court in Gonzales v. Carhart. On April 18, 2007, the Supreme Court rendered its decision in Carhart, ___ U.S. ___, 127 S.Ct. 1610, 167 L.Ed.2d 480 (2007). Following our usual practice of allowing the parties to present their views following a relevant Supreme Court decision, see, e.g., Muhammad v. City of N.Y. Dep't of Corr., 126 F.3d 119, 122 (2d Cir. 1997); United States v. Vasquez, 85 F.3d 59, 60 (2d Cir.1996), we offer the parties the opportunity to comment on the effect of Carhart on this appeal.
 
 
 2
 Accordingly, it is hereby ORDERED that the parties shall file, within 14 days, letter briefs, not to exceed ten double-spaced pages, setting forth their views on the appropriate disposition of the appeal. The judgment of the district court is STAYED forthwith.
 
 STRAUB, Circuit Judge, dissenting:
 
 3
 No further presentation of views is necessary or appropriate within the context of this case. In the mirror image of this case, the United States Supreme Court has held the statute at issue is constitutional. Gonzales v. Carhart, ___ U.S. ___, 127 S.Ct. 1610, 167 L.Ed.2d 480 (2007). There simply is no remedy available much less one requiring the further expression of views in the context of this case.
 
 
 4
 Accordingly, I dissent from the order directing further briefing and believe the prudent, indeed the only path available to this Court is to issue an order that (1) vacates the majority opinion, partial judgment, and order to brief the issue of remedy; (2) vacates as moot the stay of briefing on the issue of remedy; and (3) remands the case to the District Court with instructions to enter judgment for the government pursuant to Carhart. I believe that Carhart requires this result.