*United States v. Grebinger*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-one.

PRESENT:
>JOSEPH F. BIANCO,
>MICHAEL H. PARK,
>WILLIAM J. NARDINI,
>>*Circuit Judges*.

---

United States of America,

>*Appellee*,

>v.

Christopher Grebinger, AKA Brisco, Wilbur Randolph, AKA Wonka,

>*Defendants-Appellants*.*

20-907-cr (L)
20-1025-cr (Con)

---

| | |
|---|---|
| FOR APPELLANT GREBINGER: | Matthew B. Larsen *for* Federal Defenders of New York, Inc., New York, NY. |
| FOR APPELLANT RANDOLPH: | Elizabeth Latif, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT. |
| FOR APPELLEE: | Scott Hartman, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, |

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

*on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the judgments of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court as to Randolph and Grebinger are **AFFIRMED**, except as to the forfeiture order entered against Grebinger. We thus **VACATE in part** Grebinger's judgment and **REMAND** for reconsideration of the forfeiture issue only.

Defendants-Appellants Wilbur Randolph and Christopher Grebinger appeal from judgments entered on March 10, 2020 and February 28, 2020, respectively, by the United States District Court for the Southern District of New York (Seibel, *J.*), after they were each resentenced on their guilty plea to a racketeering conspiracy count under 18 U.S.C. § 1962(d), following the vacatur of their convictions on a separate firearms count under 18 U.S.C. § 924(c)(1)(A)(i) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The guilty pleas on the racketeering conspiracy charge related to Defendants-Appellants' participation in activities of a criminal enterprise known as Grimy Motherf\*\*kers ("GMF") which involved, *inter alia*, drug trafficking, as well as shootings to protect their drug territory, in and around Yonkers, New York.

Randolph was initially sentenced to an aggregate term of 130 months' imprisonment on his guilty plea to one racketeering conspiracy count under Section 1962(d) and one firearms count under Section 924(c)(1)(A)(i). Following the vacatur of Randolph's Section 924(c) conviction, the district court resentenced Randolph to 120 months' imprisonment on the remaining racketeering count, to be followed by three years of supervised release. On appeal, Randolph argues that his 120-month sentence, which was above the applicable advisory range under the United States Sentencing Guidelines, is procedurally and substantively unreasonable.

Grebinger similarly pleaded guilty to both a racketeering conspiracy count and a firearms count in violation of Section 1962(d) and Section 924(c)(1)(A)(i), respectively. He was originally sentenced to a total of 138 months' imprisonment with three years of supervised release, and a $5,000 forfeiture order was also imposed. Following the vacatur of his Section 924(c) conviction, the district court resentenced Grebinger to an above-Guidelines term of 132 months' imprisonment and a $5,000 forfeiture order, as well as a three-year period of supervised release. Grebinger's sole challenge on appeal relates to the order of forfeiture. More specifically, although the district court had previously imposed the forfeiture order orally at the original sentencing and in the written judgment, and then again included the $5,000 forfeiture order in the written judgment in connection with his resentencing, Grebinger contends that he should not be subject to the forfeiture order because it was not announced by the district court in open court at his resentencing.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. Randolph Resentencing[1]

As set forth below, we conclude that the district court adequately explained the reasons for the 120-month sentence imposed on Randolph and committed no procedural errors in connection with the resentencing. We similarly hold that the sentence was within the permissible range of the district court's broad discretion at sentencing and, therefore, Randolph's challenge to the substantive reasonableness of his sentence also fails.

### A. Procedural Reasonableness

We review a district court's sentencing determination for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550

---

[1] As a threshold matter, Randolph argues that the appellate waiver in his plea agreement is unenforceable as to his challenges to the resentencing. However, the government does not seek to enforce the appellate waiver in this case and, thus, this threshold issue is moot.

3

F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court commits procedural error in sentencing where it (1) "fails to calculate the Guidelines range," (2) "makes a mistake in its Guidelines calculation," (3) "treats the Guidelines as mandatory," (4) "does not consider the [18 U.S.C.] § 3553(a) factors," (5) "rests its sentence on a clearly erroneous finding of fact," or (6) "fails adequately to explain its chosen sentence." *Id.* at 190. Where, as here, a defendant fails to raise any procedural objections during the sentencing hearing, we review for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

Randolph contends that the district court gave insufficient reasoning for imposing a new sentence that was 50 months higher than its original sentence on his racketeering count of conviction. As a threshold matter, we disagree with Randolph's characterization of the district court giving him "an extra 50 months upon resentencing." Randolph Br. at 7. His total sentence was originally 130 months' imprisonment, and his sentence was lowered to 120 months' imprisonment at his resentencing for the same criminal conduct (albeit on one count, instead of two), which constitutes a 10-month *reduction* from the total term of imprisonment imposed at his original sentencing. To be sure, at the resentencing, the district court did increase the sentence of imprisonment on the remaining racketeering count from 70 months to 120 months, but it fully explained why that modification was necessary. More specifically, at the original sentencing, the district court calculated an advisory range of 70 to 87 months for the racketeering count and noted that the mandatory 60-month consecutive term of imprisonment on the Section 924(c) count resulted in an effective total advisory range of 130 to 147 months' imprisonment. After it reviewed the defendant's criminal conduct as a whole (including the use of the firearm) and determined that the appropriate total sentence was 130 months' imprisonment, the district court then "backed into" the sentence for the racketeering count by subtracting out the firearms count's 60-month consecutive term of imprisonment, and then assigning to the racketeering count the remaining 70

4

months necessary to arrive at the total 130-month sentence. The district court fully explained this process at the resentencing. *See* Randolph App'x at 125 ("The reason it was structured the way it was, which was 70 months on the RICO and 60 months on the gun count, was because I felt 130 months was the right number and then backed into that because of the mandatory time.").

Such an approach is consistent with the Supreme Court's guidance in *Dean v. United States*, 137 S. Ct. 1170, 1175–78 (2017), which made clear that a sentencing court, in arriving at a total sentence on multiple counts that balances the factors under 18 U.S.C. § 3553(a), may consider the effect of a mandatory minimum sentence on one count when imposing a sentence on another count that does not carry a mandatory sentence. In other words, at Randolph's original sentencing, the district court's division of the particular sentence imposed on each count was merely a function of the district court's intention to reach a total sentence of 130 months' imprisonment after balancing the Section 3553(a) factors, and it could not be construed as what the district court would consider the appropriate sentence if Randolph were being sentenced on only the racketeering count. Moreover, Randolph concedes that, at the resentencing, the violent criminal conduct that formed the basis of the vacated Section 924(c) count could still properly be considered by the district court (and was in fact considered) as part of the remaining racketeering offense. Thus, notwithstanding the vacatur of the Section 924(c) count, Randolph was resentenced for the same criminal conduct (albeit now on only one count) that was the subject of the original sentencing. For this reason, "we have frequently upheld increased sentences on remaining counts after conviction of a related [S]ection 924(c) count has been vacated." *United States v. Vasquez*, 85 F.3d 59, 61 (2d Cir. 1996) (collecting cases). In short, the district court fully explained at the resentencing why the 120-month sentence on the remaining racketeering count should not be viewed as a 50-month increase from the original sentence, but rather as a 10-month decrease in light of the rebalancing of all of the Section 3553(a) factors.

Moreover, we find no procedural error in the district court's explanation at the resentencing for how it arrived at the new 120-month sentence. As to the remaining racketeering count, Randolph was resentenced on his selling of marijuana on behalf of the GMF, as well as his participation in acts of violence on behalf of the gang – namely, (1) in August 2008, shooting at a rival gang member on the street, but missing and instead hitting an innocent bystander in the cheek, and (2) in July 2009, travelling with another GMF member with the intent of shooting at a rival gang member, an incident that culminated with Randolph's fellow GMF member shooting at the individual but missing.

With respect to the nature and the circumstances of the offense, the district court noted that "nothing has changed" and it remained a "horrific offense." Randolph App'x at 125. Nevertheless, the district court specifically considered Randolph's youth at the time of the offense and subsequent rehabilitation efforts in imposing the new sentence. However, even after acknowledging Randolph's efforts at rehabilitation since the imposition of the original sentence, the court nevertheless continued to "give a lot of weight" to the severity of the defendant's criminal conduct in "put[ing] a bullet into [the innocent bystander's] head." *Id*. at 127. Notwithstanding the severity of the criminal conduct (which, the district court explained, was a driving factor behind the original sentence that remained unchanged even with the vacatur of the separate firearms count), the district court found that Randolph's rehabilitation efforts warranted reducing the above-Guidelines sentence from 130 months to 120 months in light of the defendant "show[ing] some insight . . . and sett[ling] down when he's locked up." *Id*. In sum, we find no procedural error (much less plain error) in the district court's explanation at resentencing as to its need to increase the penalty on the remaining count of conviction or as to its reasons for the above-Guidelines 120-month term of imprisonment.

## B. Substantive Reasonableness

Randolph also argues that the sentencing court abused its discretion in imposing a substantively unreasonable sentence, asserting that his above-Guidelines 120-month sentence is shockingly high and fails to consider disparities between Randolph and similarly situated defendants. We disagree.

Although "[p]rocedural reasonableness concerns the procedures a district court employs in arriving at a sentence," substantive reasonableness focuses explicitly on the length of the sentence in light of the Section 3553(a) factors. *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). We review the substantive reasonableness of "all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41. Under that standard, we find an abuse of discretion by the sentencing court only where the sentence imposed is either "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Although Randolph urges us to conclude that the 120-month sentence is substantively unreasonable, his challenge fails in light of the district court's balancing of all of the Section 3553(a) factors, including its emphasis on the nature of Randolph's racketeering offense. At the resentencing, the district court explained its upward variance to 120 months' imprisonment in detail, expressly noting its intent to have the sentence still reflect the seriousness of Randolph's racketeering offense in light of the Section 3553(a) factors. The district court emphasized that Randolph carelessly pulled out a gun in a crowded area in response to a dispute with a rival gang and shot someone "who had nothing to do with the dispute." Randolph App'x at 127. At the original sentencing, the district court described that offense as "horrible," *id.* at 96, and at the resentencing it again noted that the offense was "terrible," going so far as to state that it was "dumb

7

luck that [Randolph was not] looking at a murder charge," *id*. at 128. The district court emphasized that not only did Randolph accidentally shoot an innocent bystander in the head, but he was undeterred by that conduct and "instead, the following year went on a similar mission in which one of his co-gang members was the shooter." *Id*.

Randolph also asserts that his sentence was substantively unreasonable in light of his age at the time of his offense and because of his "post-sentencing successful rehabilitation" efforts, which, he claims, were not given sufficient weight at the resentencing. Randolph Br. at 21. As noted above, however, the record at resentencing reflects that the district court understood Randolph's increased maturity at resentencing and his involvement in various rehabilitation classes, and properly considered those mitigating factors. Indeed, based upon those rehabilitation efforts, the district court lowered the original sentence from 130 to 120 months, but explained that "given the seriousness of the crime," the district judge could not "bring [her]self to go any lower than 120 months." Randolph App'x at 127–28. Notwithstanding Randolph's mitigating factors, we cannot conclude that a 10-year sentence for participation in violent gang activity (including shooting at a rival gang member but mistakenly shooting an innocent bystander, and then continuing to engage in violent gang activity after the shooting) is "shockingly high" or "otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123. Similarly, although Randolph argues in a conclusory fashion that an above-Guidelines sentence will result in disparities with similarly situated defendants who are sentenced within the Guidelines range, that conclusory contention does not render the sentencing substantively unreasonable, especially where the reasons given for the above-Guidelines sentence make clear why the disparity is warranted.

At bottom, Randolph's substantive reasonableness argument turns on his belief that the district court did not give his mitigating factors sufficient weight. However, rather than considering "what weight we would ourselves have given a particular factor" in assessing substantive

8

reasonableness, we "consider whether a factor relied on by a sentencing court can bear the weight assigned to it" under the totality of the circumstances. *Cavera*, 550 F. 3d at 191. Here, in light of the factors relied upon by the district court, the district court's decision did not fall outside the permissible sentencing range. Accordingly, we find no basis to disturb the sentence on substantive reasonableness grounds.

## II. Grebinger Resentencing

Grebinger challenges the $5,000 forfeiture order in his judgment, which was not announced orally at his resentencing. The government concedes that this was procedural error and seeks a limited remand on the forfeiture issue to permit the district court to consider the forfeiture allegation and to allow Grebinger to make any objections. We agree.

Federal Rule of Criminal Procedure 32.2(b)(4)(B) makes clear that "[t]he court must include the forfeiture when orally announcing the sentence," and "must also include the forfeiture order . . . in the [written] judgment." "[I]f there is a variance between the oral pronouncement of sentence and the written judgment of conviction, the oral sentence generally controls" as "it is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence." *United States v. DeMartino*, 112 F.3d 75, 78–79 (2d Cir. 1997) (internal quotation marks and alteration omitted). Here, without objection, the $5,000 order of forfeiture was orally pronounced at the original sentencing and contained in the written judgment. At the resentencing, the forfeiture order was not orally announced, but was again contained in the written judgment. If the district court intended to re-impose the forfeiture in connection with the resentencing, Rule 32.2(b)(4)(B) required that it again be orally announced. Because there is a discrepancy between the oral pronouncement and the judgment, we will remand for the limited purpose of allowing the district court to address the forfeiture issue. *See United States v. Handakas*, 329 F.3d 115, 119 (2d Cir. 2003) ("Without determining the range of circumstances in which a

remand might be appropriate to reconsider a provision in a judgment omitted from an oral sentence," finding it "prudent . . . to remand for the limited purpose of affording [the defendant] an opportunity to contest" a special condition of supervised release). On remand, if the district court intends to impose a forfeiture order, it must give Grebinger an opportunity to object and, if any such objections are overruled, orally announce the forfeiture and again include the forfeiture order in a new written judgment. If the district court determines not to impose forfeiture on remand, an amended judgment must be issued deleting the forfeiture order.

*       *       *

We have considered all of Randolph's and Grebinger's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court as to Randolph and we **AFFIRM** the judgment of the district court as to Grebinger, except as to the forfeiture order. Accordingly, we **VACATE in part** Grebinger's judgment and **REMAND** for reconsideration of the forfeiture issue.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court