## MARISCAL v. UNITED STATES

No. 80–5618. Decided January 19, 1981

PER CURIAM.

This case arises on a petition for certiorari to the United States Court of Appeals for the Ninth Circuit, which affirmed petitioner's conviction on 10 counts of interstate transportation of property obtained by fraud, in violation of 18 U. S. C. § 2314, and on 12 counts of mail fraud, in violation of 18 U. S. C. § 1341. 626 F. 2d 868. The court affirmed the interstate transportation convictions on the merits, and declined to address the "rather complex issues" presented by the mail fraud convictions, invoking the discretionary "concurrent sentence" doctrine. App. to Pet. for Cert. 6–7; see Barnes v. United States, 412 U. S. 837, 848, n. 16 (1973); Benton v. Maryland, 395 U. S. 784, 787–793 (1969). In light of the Solicitor General's concession in this Court that the mail fraud convictions were invalid, Memorandum in Opposition 4–5, we grant the motion of petitioner for leave to proceed in forma pauperis, grant certiorari, vacate the judgment of the Ninth Circuit affirming the mail fraud convictions, and remand for reconsideration of the applicability of the "concurrent sen-

tence" doctrine to a conviction conceded by the United States to be erroneous.

*It is so ordered.*

JUSTICE WHITE dissents, essentially for the reasons stated by JUSTICE REHNQUIST in his dissenting opinion.

JUSTICE REHNQUIST, dissenting.

There is a certain irony in the fact that I authored for the Court the opinion in *United States* v. *Maze,* 414 U. S. 395 (1974), which affirmed an opinion written by the present Solicitor General when he was a judge for the Court of Appeals for the Sixth Circuit reversing certain mail fraud convictions. Nonetheless, I think that a more important principle is at stake here than whether or not the mail fraud convictions are proper. That larger issue is whether this Court should mechanically accept any suggestion from the Solicitor General that a decision rendered in favor of the Government by a United States Court of Appeals was in error, and vacate the conviction and request that the Government present its "confession of error" to the Court of Appeals which it had earlier persuaded to affirm the conviction.

One may freely concede that with 93 United States Attorneys and 11 Courts of Appeals, there will be differing views as between prosecutors, as well as between prosecutors and courts, as to legal issues presented in criminal cases. But the Executive *is* one branch of the Government, and the Judiciary another. The Office of the Solicitor General, while having earned over the years a reputation for ability and expertise in presenting the Government's claims to this Court, is nonetheless a part of the Executive Branch of the Federal Government, not of the Judicial Branch. I think it ill behooves this Court to defer to the Solicitor General's suggestion that a Court of Appeals may have been in error after another representative of the Executive Branch and the Justice De-

partment has persuaded the Court of Appeals to reach the result which it did.

The Office of the Solicitor General may be quite faithfully performing its obligations under our system by calling our attention to what it perceives to be errors in the decisions of the courts of appeals. But I harbor serious doubt that our adversary system of justice is well served by this Court's practice of routinely vacating judgments which the Solicitor General questions without any independent examination of the merits on our own. With the increasing caseloads of all federal courts, there is a natural temptation to "pass the buck" to some other court if that is possible. Congress has given us discretionary jurisdiction to deny certiorari if we do not wish to grant plenary consideration to a particular case, a benefit that other federal courts do not share, but it has not to my knowledge moved the Office of the Solicitor General from the Executive Branch of the Federal Government to the Judicial Branch. Until it does, I think we are bound by our oaths either to examine independently the merits of a question presented for review on certiorari, or in the exercise of our discretion to deny certiorari. Because the Court exercises neither of these alternatives here, I dissent.