ALVARADO *v.* UNITED STATES

No. 89–6985.   Decided June 25, 1990

PER CURIAM.

At his criminal trial, petitioner claimed that the Government used certain peremptory challenges to remove black jurors solely on the grounds of race, contrary to *Batson* v. *Kentucky*, 476 U. S. 79 (1986).   The District Court accepted the Government's explanations for its challenges, and petitioner was convicted.   He pursued his *Batson* claim in the Court of Appeals, claiming that the Government's explanations were pretextual.   The Government asserted that petitioner had

not made out a prima facie *Batson* error and that it had race-neutral reasons for each challenge. The Court of Appeals did not rule on these competing claims, for it held that no appellate inquiry was required into the merits of a *Batson* claim if the jury finally chosen represented a fair cross section of the community, as did this jury. The conviction was affirmed.

Petitioner, seeking certiorari, urges that the Court of Appeals relied on an erroneous ground in rejecting the *Batson* claim. The United States agrees that the Court of Appeals erred in holding that as long as the petit jury chosen satisfied the Sixth Amendment's fair-cross-section concept, it need not inquire into the claim that the prosecution had stricken jurors on purely racial grounds. That holding, the Government states, is contrary to *Batson* and is also discredited by our decision in *Holland* v. *Illinois*, 493 U. S. 474 (1990), which held that the fair-cross-section requirement of the Sixth Amendment did not apply to the petit jury and which was handed down after the Court of Appeals issued its opinion below. The Government urges us to deny certiorari, however, because petitioner failed to make out a prima facie case of intentional discrimination and because the reasons given for the challenges were race-neutral grounds for decision that the Court of Appeals did not reach.

When the Government has suggested that an error has been made by the court below, it is not unusual for us to grant certiorari, vacate the judgment below, and direct reconsideration in light of the representations made by the United States in this Court. See, *e. g.*, *Biddle* v. *United States*, 484 U. S. 1054 (1988); *Malone* v. *United States*, 484 U. S. 919 (1987). Nor is it novel to do so in a case where error is conceded but it is suggested that there is another ground on which the decision below could be affirmed if the case were brought here. Indeed, a case decided earlier this Term presented such a situation and, without dissent, we vacated the judgment below for reconsideration in light of the

position asserted by the Government in this Court. *Chappell* v. *United States*, 494 U. S. 1075 (1990). This is the appropriate course to follow in this case. If the judgment below rested on an improvident ground, as the Government suggests, the Court of Appeals should in the first instance pass on the adequacy of the Government's reasons for exercising its peremptory challenges.

Consequently, the motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Second Circuit for further consideration in light of the position asserted by the Government in its brief filed May 21, 1990.

*It is so ordered.*

CHIEF JUSTICE REHNQUIST, with whom JUSTICE O'CONNOR, JUSTICE SCALIA, and JUSTICE KENNEDY join, dissenting.

I have previously expressed my doubt as to the wisdom of automatically vacating a Court of Appeals judgment favorable to the Government when the Government confesses error in this Court. See *Mariscal* v. *United States*, 449 U. S. 405, 406 (1981) (dissenting opinion). Today the Court carries this unfortunate practice to new lengths: The Government has not confessed error in this case, but instead has taken the position that the judgment of the Court of Appeals was correct and that certiorari should be denied.

The Government's brief in opposition contains the following statement:

> "Although petitioner's *Batson* claim lacks merit, we agree with petitioner that the court of appeals' analysis departed from the general approach to discrimination in jury selection that this Court marked out in *Batson*." Brief in Opposition 12.

The Court seizes upon this concession that the "analysis" of the Court of Appeals may have been wrong as a justification

for vacating the judgment. But the entire thrust of the Government's brief is that the result reached by the Court of Appeals was correct.

A confession of error is at least a deliberate decision on the part of the Government to concede that a Court of Appeals *judgment* in favor of the Government was wrong. In the present case, however, we have only the above-quoted statement of the Government in its brief opposing a grant of certiorari. If we are now to vacate judgments on the basis of what are essentially observations in the Government's brief about the "approach" of the Court of Appeals in a particular case, I fear we may find the Government's future briefs in opposition much less explicit and frank than they have been in the past. Since we depend heavily on the Government in deciding whether to grant certiorari in cases in which the Government is a party, the Court will be the loser as a result.