JANUARY 21, 2003

No. 01–10940. PRICE *v.* UNITED STATES. C. A. 5th Cir. Motion of petitioner for leave to proceed *in forma pauperis* granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *United States* v. *LaBonte,* 520 U. S. 751, 759–760 (1997), and the Solicitor General's acknowledgment that the Court of Appeals "erred in concluding that petitioner's drug possession offense qualified as a predicate felony" under 18 U. S. C. § 924(c) in the absence of notice under 21 U. S. C. § 851(a). Brief in Opposition 12.

JUSTICE SCALIA, with whom THE CHIEF JUSTICE and JUSTICE THOMAS join, dissenting.

Five Members of this Court have previously expressed their disapproval of vacating and remanding a Court of Appeals deci-

sion favorable to the Government in response to the Government's acknowledgment of error, not in the *judgment* below, but merely in the *reasoning* on which the lower court relied. See *Lawrence v. Chater,* 516 U. S. 163, 183 (1996) (SCALIA, J., joined by THOMAS, J., dissenting). See also *Alvarado v. United States,* 497 U. S. 543, 545–546 (1990) (REHNQUIST, C. J., joined by O'CONNOR, SCALIA, and KENNEDY, JJ., dissenting). I write to record my continuing conviction that, in general, we have no *power* to vacate a judgment that has not been shown to be (or been conceded to be) in error; to explain why the Government's concession of error in reasoning does not in any way undermine the Fifth Circuit's judgment; and (while I am at it) to explain why the judgment here, insofar as the issues raised in this petition are concerned, is quite obviously correct.

I

On February 20, 1998, a police officer stopped petitioner's truck for a traffic violation and noticed a gun magazine on the dashboard. When asked if he had any weapons in the vehicle, petitioner produced a handgun. The officer then arrested petitioner and took him to the police station, where crack cocaine was discovered in his socks. An ensuing indictment charged petitioner with one count of possession of cocaine base with intent to distribute in violation of 21 U. S. C. § 841(a)(1),[1] and one count of using and carrying a firearm during a drug trafficking crime in violation of 18 U. S. C. § 924(c).[2] At trial, the District Court instructed the jury that it could convict petitioner of the lesser included offense of simple possession of a controlled substance, see 21 U. S. C. § 844(a),[3] if they chose to acquit peti-

[1] Section 841(a)(1) provides:

"Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

"to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

[2] Section 924(c)(1)(A) imposes penalties on "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm . . . ."

[3] Section 844(a) provides:

"It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this

tioner as to § 841(a)(1). The District Court further instructed the jury that either possession with intent to distribute or simple possession of cocaine base would be a felony offense that could serve as an underlying "drug trafficking crime" to support a conviction under 18 U.S.C. § 924(c).

The jury acquitted petitioner of possession with intent to distribute but convicted him of the lesser included offense of simple possession. The jury also returned a guilty verdict on the § 924(c) charge. The District Court imposed a 63-month sentence for the 21 U.S.C. § 844(a) offense and a consecutive 60-month sentence under 18 U.S.C. § 924(c). The Fifth Circuit affirmed on direct appeal. See *United States* v. *Price*, 180 F. 3d 266, cert. denied, 528 U.S. 944 (1999).

---

subchapter or subchapter II of this chapter. It shall be unlawful for any person knowingly or intentionally to possess any list I chemical obtained pursuant to or under authority of a registration issued to that person under section 823 of this title or section 958 of this title if that registration has been revoked or suspended, if that registration has expired, or if the registrant has ceased to do business in the manner contemplated by his registration. Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500, except, further, that if he commits such offense after two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug, narcotic, or chemical offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000. Notwithstanding the preceding sentence, a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years, and fined a minimum of $1,000, if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams, if the conviction is after a prior conviction for the possession of such a mixture or substance under this subsection becomes final and the amount of the mixture or substance exceeds 3 grams, or if the conviction is after 2 or more prior convictions for the possession of such a mixture or substance under this subsection become final and the amount of the mixture or substance exceeds 1 gram."

Petitioner then filed a 28 U. S. C. § 2255 motion, claiming that: (1) his 63-month sentence under 21 U. S. C. § 844(a) exceeded the maximum authorized punishment; (2) his simple possession conviction was a misdemeanor and therefore could not constitute a "drug trafficking crime" for his 18 U. S. C. § 924(c) conviction; and (3) his trial and appellate counsel rendered ineffective assistance in failing to raise these claims at trial and on direct appeal. The District Court denied the motion, but the Fifth Circuit granted a certificate of appealability as to the ineffective-assistance claims. On the merits of the appeal, the Fifth Circuit concluded that petitioner's attorneys should have objected to the 63-month sentence imposed by the District Court under 21 U. S. C. § 844(a), and that their failure to do so violated petitioner's Sixth Amendment rights under *Strickland* v. *Washington*, 466 U. S. 668 (1984). This was so, the Fifth Circuit explained, because the trial court must have sentenced petitioner under the third sentence of § 844(a),[4] the only part of the statute allowing a sentence as high as 63 months (it requires 5 to 20 years for simple possession of five grams or more of a mixture or substance that contains cocaine base). But since the third sentence of § 844(a) is not a lesser included offense of § 841(a)(1), it cannot qualify as the offense of conviction under the indictment and the lesser included instruction in this case. The Fifth Circuit further held that petitioner suffered prejudice because he would have received a lighter sentence under § 844(a) but for his attorneys' errors.

The Fifth Circuit refused, however, to grant habeas relief as to petitioner's 18 U. S. C. § 924(c) conviction, rejecting petitioner's contention that his 21 U. S. C. § 844(a) conviction could not serve as a "drug trafficking crime" under 18 U. S. C. § 924(c) because it was not a felony offense. See § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means *any felony* punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act" (emphasis added; citations omitted)). As petitioner saw matters, the maximum prison sentence he could receive under 21 U. S. C. § 844(a) was one year. § 844(a) ("Any person who violates this subsection may be sentenced to a term of

---

[4] The court was referring to the sentence beginning with the word "Notwithstanding." This is actually the *fourth* sentence of § 844(a), but my discussion will accept the Court of Appeals' math.

imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both . . .").  The Fifth Circuit disagreed, claiming that if the trial court had correctly sentenced petitioner under § 844(a), it would have noted his two prior drug convictions, making him eligible for a 2-year prison sentence.  *Ibid.* (providing increased sentence for defendants with a "prior convictio[n] for any drug, narcotic, or chemical offense chargeable under the law of any State").  In the Fifth Circuit's view, this rendered petitioner's § 844(a) offense a felony, see 18 U. S. C. § 3559(a) (any offense for which a sentence of more than one year may be imposed is a felony), and meant that his counsel could not be faulted for failing to challenge the § 924(c) conviction.  Judgt. order reported at 31 Fed. Appx. 158 (2001).

Petitioner now seeks review of the Fifth Circuit's denial of habeas relief with respect to his § 924(c) conviction.  In his petition for certiorari, petitioner argues that the maximum punishment for his 21 U. S. C. § 844(a) offense was one year because the Government did not file a notice, in advance of trial, that it would seek to rely on petitioner's prior drug convictions to obtain an increased punishment.  See § 851(a)(1);[5] *United States* v. *La-Bonte*, 520 U. S. 751, 754, n. 1 (1997) ("If the Government does not file such notice, . . . the lower sentencing range will be applied even though the defendant may otherwise be eligible for the increased penalty").  Petitioner claims that, absent a § 851(a)(1) notice, his conviction under § 844(a) was only a misdemeanor and could not be used to support a conviction under 18 U. S. C. § 924(c).  The Government concedes that "petitioner's drug possession offense could not be treated as a felony . . . given the government's failure to file a notice of enhancement under 21 U. S. C. § 851(a),"

---

[5] Section 851(a)(1) provides:

"No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.  Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts.  Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."

and thus acknowledges that the Fifth Circuit's *"reasoning* is incorrect." Brief in Opposition 13, 10–11 (emphasis added). The Government maintains, however, that the Fifth Circuit's judgment denying habeas relief is proper. *Id.*, at 13–14.

## II

This Court has no grounds on which to set aside the Fifth Circuit's judgment, since the Government has not conceded error in that judgment—and indeed insists that it is correct. Moreover, even a cursory evaluation of petitioner's contentions reveals that the Fifth Circuit's judgment was entirely correct. Petitioner cannot establish a *Strickland* claim with respect to his 18 U. S. C. § 924(c) conviction because that conviction was proper.

The jury found petitioner guilty, beyond a reasonable doubt, of having committed a drug trafficking crime while using or carrying a firearm. The trial court had instructed the jury:

> "'A "drug trafficking crime" means any felony punishable under the Controlled Substances Act. Possession with intent to distribute cocaine base and possession of more than five grams of cocaine base are both felony offenses.'" Brief in Opposition 4.

This instruction correctly stated the law. Simple possession of more than five grams of cocaine base is a felony because it is punishable by a mandatory minimum sentence of five years of imprisonment (even without any prior convictions). See § 924(c)(2); 21 U. S. C. § 844(a). And there was ample evidence to support a finding that petitioner committed such a felony while using or carrying a firearm: He stipulated that the amount of cocaine base seized by the police was 6.7 grams.

The fact (noted by the Fifth Circuit) that petitioner was not *convicted* of possession of more than five grams of cocaine base is not relevant to his 18 U. S. C. § 924(c) conviction. Section 924(c) does not require that the defendant be *convicted* of the underlying "drug trafficking crime," but merely that he be found beyond a reasonable doubt to have *committed* such a crime while using or carrying a firearm. *Young* v. *United States*, 124 F. 3d 794, 800 (CA7 1997). Since he was so found (the § 924(c) conviction must have been based on the simple-possession instruction, since the jury acquitted petitioner of the separate 21 U. S. C. § 841 charge of possession with intent to distribute), and since there was ample

evidence to support that finding, neither trial nor appellate counsel was ineffective for failing to challenge the 18 U. S. C. § 924(c) conviction.

*     *     *

For the foregoing reasons I respectfully dissent from today's judgment and would deny the petition for certiorari.

JUSTICE KENNEDY, dissenting.

For the reasons JUSTICE SCALIA explains in his dissent from today's judgment, *ante*, at 1157 and this page, in my view, our holding in *United States* v. *LaBonte*, 520 U. S. 751 (1997), has no bearing upon the question whether the petitioner received ineffective assistance of counsel and does not suggest a result different from that reached by the Court of Appeals. For this reason, I too dissent from the judgment of the Court and would deny the petition for certiorari.