# SUPREME COURT OF THE UNITED STATES

## ARMANDO NUNEZ *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 07–818.   Decided June 23, 2008

The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Seventh Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed May 12, 2008.

JUSTICE SCALIA, with whom THE CHIEF JUSTICE and JUSTICE THOMAS join, dissenting.

Petitioner pleaded guilty to federal narcotics offenses and waived appellate and collateral-review rights. Despite that waiver, he demanded (the Court of Appeals assumed) that his attorney file a notice of appeal; his attorney refused. Petitioner sought habeas relief, claiming that this failure was ineffective assistance of counsel. See 495 F. 3d 544, 545 (CA7 2007). The District Court denied relief, and the Court of Appeals affirmed, finding that petitioner had waived his right to raise even the ineffective-assistance claim on collateral review. See *id.,* at 546, 548–549. Petitioner has filed a petition for a writ of certiorari, asking us to consider the ineffective-assistance claim. The Government argues in response that the question is not presented because the Court of Appeals' opinion rests on petitioner's collateral-review waiver. I agree with that response, and so would deny the petition for writ of certiorari.

Yet the Government urges us to GVR—to grant the petition, vacate the judgment, and remand the case to the Court of Appeals—because it believes that the Court of Appeals misconstrued the scope of petitioner's collateral-

review waiver. A majority of the Court agrees to that course. I do not. In my view we have no power to set aside (vacate) another court's judgment unless we find it to be in error. See *Mariscal* v. *United States*, 449 U. S. 405, 407 (1981) (Rehnquist, J., dissenting). Even so, I have reluctantly acquiesced in our dubious yet well-entrenched habit of entering a GVR order *without an independent examination of the merits* when the Government, as respondent, confesses error in the judgment below. See *Lawrence* v. *Chater*, 516 U. S. 163, 182–183 (1996) (SCALIA, J., dissenting). But because "we have no *power* to vacate a judgment that has not been shown to be (or been conceded to be) in error," *Price* v. *United States*, 537 U. S. 1152, 1153 (2003), I continue to resist GVR disposition when the Government, without conceding that a *judgment* is in error, merely suggests that the lower court's *basis* for the judgment is wrong, see *Lawrence*, *supra*, at 183, and n. 3; cf. *Alvarado* v. *United States*, 497 U. S. 543, 545 (1990) (Rehnquist, C. J., dissenting). That describes this case. The Government's brief is entirely agnostic on the correctness of the Court of Appeals' judgment—*i.e.*, its affirmance of the District Court's denial of habeas relief. Presumably, the Government believes the judgment is correct; it asked the Court of Appeals to affirm the District Court's judgment the first time around, and presumably will do the same on remand.

To make matters worse, the Government's suggestion that the Court of Appeals erred in construing the scope of petitioner's waiver is not even convincing. The collateral-review waiver in petitioner's plea agreement is inartfully worded; it is perhaps susceptible of the Government's reading, but in my view the Court of Appeals' reading is better. In any event, during his plea colloquy petitioner orally agreed to a collateral-review waiver precisely in line with the Court of Appeals' position. Compare Brief for United States 3–4 (plea colloquy), with *id.,* at 16–17 (plea

agreement). It is bad enough to upend the judgment of a lower court because the Solicitor General, while not saying the judgment was wrong, opines that the expressed basis for it was wrong; it is absurd to do this when the Solicitor General's gratuitous opinion is dubious on its face.

Finally, we should be especially reluctant to GVR on the Solicitor General's say-so when, if that say-so *is* correct, the likely consequence will be to create a conflict among the Courts of Appeals. Before resting its judgment on petitioner's collateral-review waiver, the Court of Appeals expressed its unfavorable view of petitioner's ineffective-assistance claim, recognizing, however, that its view contradicted the view of at least six other Courts of Appeals. See 495 F. 3d, at 546–548. If, on remand, the Court of Appeals agrees with the Solicitor General that petitioner's collateral-review waiver does not preclude his claim, the court in all likelihood will enter the same judgment by rejecting petitioner's ineffective-assistance claim, thereby creating (absent reversal en banc) a split with those other courts. I had thought that the main purpose of our certiorari jurisdiction was to eliminate circuit splits, not to create them.

For all these reasons, I respectfully dissent from the Court's order.