J. O’BRIEN, Circuit Judge,
Concurring.
I concur, but write separately to express my belief that Shaw would not be entitled to an evidentiary hearing even if he had alleged in his district court filings that he specifically requested his counsel file a notice of appeal. First, Shaw cannot succeed on his ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because none of the grounds on which he seeks to appeal survive his appeal waiver. Second, even if we found counsel’s performance to be deficient and presumed prejudice under Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), Shaw would still not be entitled to an evidentiary hearing because his post-sentencing ineffective assistance of counsel claim is within the scope of the collateral attack waiver contained in his plea agreement.
A. Ineffective Assistance of Counsel Claim
In order to succeed on an ineffective assistance of counsel claim, a petitioner must show: (1) counsel’s performance “fell below an objective standard of reasonableness;” and (2) counsel’s “deficient performance prejudiced the defense.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. In Flores-Ortega, the Court remarked it has “long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.” 528 U.S. at 477, 120 S.Ct. 1029. Thus, “when counsel’s constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an *732 appeal.” Id. at 484, 120 S.Ct. 1029. “This is true regardless of whether, from the limited perspective of collateral review, it appeal's that the appeal will not have any merit.” United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir.2005).
Many circuits — including this one — have applied the Flores-Ortega holding to cases in which the defendant’s plea agreement contained a waiver of appeal, presuming prejudice without considering the merits of the defaulted appeal, despite the fact there was “no claim ... that Flores-Ortega waived his right to appeal as part of a plea agreement.” Flores-Ortega, 528 U.S. at 489 n. 1, 120 S.Ct. 1029 (Souter, J., concurring in part, dissenting in part). See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir.2007); United States v. Tapp, 491 F.3d 263, 265-266 (5th Cir.2007); Watson v. United States, 493 F.3d 960, 964 (8th Cir.2007); Campusano v. United States, 442 F.3d 770, 775-76 (2d Cir.2006); Garrett, 402 F.3d at 1266;[1] Gomez-Diaz v. United States, 433 F.3d 788, 791-94 (11th Cir.2005); United States v. Sandoval-Lopez, 409 F.3d 1193, 1195-99 (9th Cir.2005).
In Nunez v. United States, the Seventh Circuit concluded the Flores-Ortega presumption of prejudice was not applicable to a defendant whose plea agreement contained a waiver of appellate rights. 495 F.3d 544, 547 (7th Cir.2007), vacated and remanded by, — U.S. -, 128 S.Ct. 2990, 171 L.Ed.2d 879 (2008).[1]
[2] The court explained: “Far from having a ministerial duty to follow his client’s (latest) wishes, a lawyer has a duty to the judiciary to avoid frivolous litigation — and an appeal in the teeth of a valid waiver is frivolous.” Id. “If the plea (and thus the waiver) is valid, an argument that counsel furnished ineffective assistance is among the foreclosed theories.” Id. at 548.
I agree. Shaw waived his right to appeal “any matter in connection with his prosecution, conviction, and sentence.” (R. Vol. I, Doc. 53 at 7.) The plea agreement waiver contains only two exceptions, neither of which is relevant here.[3] Because the issues he seeks to raise on appeal are well within the scope of his appeal waiver, his counsel’s failure to file a notice *733 of appeal — even if he was instructed to do so — would not constitute deficient performance and could not possibly be prejudicial.
The Court held in Flores-Ortega that prejudice is to be presumed “when counsel’s constitutionally deficient performance deprives a defendant of an appeal.” 528 U.S. at 484, 120 S.Ct. 1029. Here, it is the waiver, not the allegedly deficient performance of counsel, that caused the forfeiture of Shaw’s appeal. In Canvpusano, the Second Circuit recognized applying the Flores-Ortega presumption to waiver cases would “bestow on most defendants nothing more than the opportunity to lose,” but concluded it could not “cut corners when Sixth Amendment rights are at stake.” 442 F.3d at 777. I am not persuaded the Sixth Amendment requires courts to give defendants like Shaw the opportunity to lose. Rather than grant Shaw the meaningless (and, in my view, not Constitutionally mandated) right to a delayed appeal, which would waste judicial time and resources, we ought to hold him to his bargained-for plea agreement and with it, the appeal waiver.
B. Collateral Attack Waiver
In this Circuit, “a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.” Coclcer-ham, 237 F.3d at 1183. In Cockerham, we recognized an exception to this general rule, holding “a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.”[4] Id. at 1187 (emphasis added).
Shaw’s plea agreement contains an express waiver of collateral attack. It provides: “[Shaw] also waives any right to challenge his conviction or sentence (in the manner in which either was determined) in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir.2001) ]....” (R. Vol. I, Doc. 53 at 7.) Shaw does not challenge the validity of his plea or the waiver and does not claim counsel was ineffective in negotiating or explaining the plea agreement (including the waiver). He only complains (for the *734 first time) that counsel was ineffective for not filing an appeal he agreed to forgo. Thus, his waiver is effective and his petition would be barred even if he had properly raised the issue before the district court.

. Garrett has been cited favorably in a number of unpublished decisions. See United States v. Benoit, 274 Fed.Appx. 689, 691-92 (10th Cir.2008) (unpublished) ("Although the waiver in Mr. Benoit’s plea agreement has significantly limited his appellate rights, Mr. Benoit would still be entitled to a delayed appeal if he asked his attorney to file an appeal and his attorney ignored his request.”); United States v. Lauer, 236 Fed. Appx. 462, 465 (10th Cir.2007) (unpublished) (vacating the dismissal of defendant's petition despite appellate and post-conviction waiver ■ and remanding for a hearing to determine whether defendant requested counsel file a notice of appeal); United States v. Golden, 255 Fed.Appx. 319, 321 (10th Cir.2007) (unpublished) ("Our precedent instructs that [the Flores-Ortega] rule applies even if, as here, the defendant has waived her appellate rights in a plea agreement.”); United States v. Wales, No. 05-3445,-Fed.Appx.-,-, 2006 WL 950655 at *2 (10th Cir.2006) (unpublished) ("This Court will not enforce a waiver of collateral review when a defendant was deprived of the opportunity for direct appeal because defense counsel rendered ineffective assistance by ignoring a defendant's request to perfect an appeal.”).

. The Court vacated and remanded Nunez on the government's request and did not consider the merits. See Nunez,-U.S.-, 128 S.Ct. 2990, 171 L.Ed.2d 879 (2008) ("The judgment is vacated and the case is remanded to the United States Court of Appeals for the Seventh Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed May 12, 2008.”); Brief for the United States at 15-16, Nunez v. United States, No. 07-818, 2008 WL 2050805 (May 12, 2008).

. Shaw did not waive his right to appeal an upward departure and would not be bound by the waiver if the government appealed from the sentence.

. Gatrett is not to the contrary. In Garrett, we noted ”[t]he government has not argued that [the collateral attack] waiver bars a § 2255 motion based on counsel’s failure to file a requested appeal" and went on to explain "the plain language of the waiver does not address the type of claim he has raised.” 402 F.3d at 1266 n. 5. By negative implication, Gatrett suggests that a collateral attack waiver that does waive post-plea ineffectiveness claims would present a different question. See United States v. Macias, 229 Fed. Appx. 683, 687 (10th Cir.2007) (unpublished) (distinguishing Gatrett and concluding defendant's ineffective assistance of counsel claim was barred because it fell within the scope of the plea agreement waiver and did not relate to the validity of the plea or the waiver), cert. denied, - U.S. -, 128 S.Ct. 249, 169 L.Ed.2d 183 (2007); United States v. Davis, 218 Fed.Appx. 782, 783, 784 (10th Cir.2007) (unpublished) (holding defendant’s claim that “his attorney was ineffective for failing to file a notice of appeal on two sentencing issues” was "subject to waiver” because it ”d[id] not go to the validity of the waiver or [] plea agreement” and because defendant did not ”present[] any other evidence that he entered into the waiver or plea unknowingly or involuntarily”). To the extent Gatrett has been applied in cases where the government raised the collateral attack waiver, I disagree with that extension.