# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-50608
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

MARCUS DESHAW HICKS,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-292-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Marcus Deshaw Hicks was arrested on April 8, 2010, and a search of the car in which he was arrested revealed approximately 80 grams of crack cocaine. He pleaded guilty to conspiring to possess with intent to distribute 50 or more grams of a mixture containing crack cocaine, and on June 29, 2011, he was sentenced to 20 years in prison and 10 years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50608

At the time Hicks was arrested, the mandatory minimum prison sentence for his crime was pegged at 20 years. However, on August 3, 2010—after Hicks's offense conduct, but before he was sentenced—the Fair Sentencing Act took effect. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act increased the drug amounts triggering mandatory minimum sentences for federal crack trafficking offenses. Had it applied to Hicks, the Fair Sentencing Act would have reduced his applicable minimum sentence to 10 years of imprisonment.

Under then-applicable circuit precedent, *see United States v. Tickles*, 661 F.3d 212 (5th Cir. 2011), the trial judge concluded that the Fair Sentencing Act did not apply to defendants such as Hicks, who committed their crimes before the effective date of the Federal Sentencing Act, even if their sentencing dates fell after that date. The Supreme Court has clarified that this was the wrong way to read the Fair Sentencing Act, however. *Dorsey v. United States*, 567 U.S. 260, 273 (2012). It is now clear that the terms of the Fair Sentencing Act apply to defendants whose conduct occurred before, but who were sentenced after, the Act's effective date.

Hicks did not raise the argument that the Fair Sentencing Act should have been applied to his sentence on direct appeal. He eventually petitioned for certiorari and did raise the argument to the Supreme Court, which vacated his judgment and remanded to us to determine whether or not the district court's failure to apply the Fair Sentencing Act constitutes a plain error. *Hicks v. United States*, 137 S. Ct. 2000 (2017). We hold that it does, and, as such, vacate Hicks's sentence and remand to the district court for resentencing.

In order to establish the existence of a plain error, an appellant must show (i) the existence of an error (ii) that is "clear or obvious," (iii) that affects the appellant's substantive rights, and (iv) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*,

No. 11-50608

556 U.S. 129, 135 (2009) (internal quotation omitted). In this case, and as the government has conceded, all of the factors are met. In light of *Dorsey*, there is an unresolved error, and that error is clear. It is also clear that the error violated Hicks's substantial rights. Hicks was sentenced subject to an improper mandatory minimum, and "experience surely teaches that a defendant entitled to a sentence consistent with 18 U.S.C. § 3553(a)'s parsimony provision, rather than pursuant to the rigors of a statutory mandatory minimum, will often receive a much lower sentence." *Hicks v. United States*, 137 S. Ct. 2000, 2001 (2017) (Gorsuch, J., concurring). Finally, this error affects the fairness, integrity, and public reputation of judicial proceedings. Indeed, during Hicks's sentencing, the government itself acknowledged that "[i]f the Supreme Court ultimately says that [the Fair Sentencing Act] should be retroactive to conduct that occurred like for this, before August 2010, then I can guarantee that all of those cases are going to be resentenced. Every single one." To do otherwise, and to fail to correct a mistake all parties concede is obvious, would be to compromise the fairness, integrity, and public reputation of the courts.

In light of the foregoing, we VACATE the appellant's sentence and REMAND for resentencing under the Fair Sentencing Act.