# United States Court of Appeals
## For the First Circuit

No. 17-1702

UNITED STATES OF AMERICA,

Appellee,

v.

RUMENI DANIEL ROMERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Lynch, Kayatta, and Barron,
Circuit Judges.

Elaine Pourinski on brief for appellant.
Mark T. Quinlivan, Assistant United States Attorney, and
Andrew E. Lelling, United States Attorney, on brief for appellee.

July 18, 2018

**LYNCH**, **Circuit Judge**.  Rumeni Daniel Romero pled guilty to unlawful re-entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).  After finding Romero subject to the undisputed 46-57 month advisory United States Sentencing Guidelines range calculated in his presentence report (PSR), the district court sentenced Romero to a term of 42 months in prison.  On appeal, Romero points out for the first time that the PSR erroneously applied an enhancement, but for which his Guidelines range would be only 30-37 months.  We vacate and remand for resentencing.

The relevant facts follow.  On January 24, 2017, Department of Homeland Security agents apprehended Romero in the course of an investigation in Chelsea, Massachusetts.  Romero, a native of Honduras, had been ordered removed from the United States and deported to Honduras on four occasions between 2006 and 2013.  On February 23, he was charged with unlawful re-entry, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On April 3, he pled guilty.

The Probation Office prepared Romero's PSR on June 5, 2017.  The report applied, inter alia, a four-level enhancement under U.S.S.G. § 2L1.2(b)(2)(D) on the grounds that by the time Romero was first deported, he had already been convicted of felonies other than illegal re-entry: use of a motor vehicle without authority, and assault and battery.  Based on that enhancement and other adjustments, Romero's offense level was 19

- 2 -

and his Guidelines range was 46-57 months.  Romero did not object to the enhancement; instead, he stated in his sentencing memorandum that "there is no dispute that the [Guidelines range] is 46-57 months (level 19, CHC IV)."

At Romero's sentencing hearing, held on July 11, 2017, the district court checked with the parties that it correctly understood that "there is no dispute with respect to the sentencing guideline range."  Romero's counsel confirmed that the court's understanding was "correct" and that the offense level of 19 and corresponding Guidelines range of 46-57 months set forth in the PSR rested on "correct calculations."  After hearing the parties' sentencing recommendations and noting that it had considered Romero's Guidelines range as a "beginning point," the court sentenced Romero to a below-guidelines term of 42 months' imprisonment.

On appeal, Romero claims for the first time that the district court's application of the § 2L1.2(b)(2)(D) enhancement was in error.  He cites Application Note 3 to § 2L1.2, which instructs that for purposes of applying subsection (b)(2) "only those convictions that receive criminal history points" should be used.  The purported predicate convictions in Romero's PSR did not receive criminal history points.  Without the enhancement, Romero's offense level would be 15 instead of 19, and his Guidelines range would be 30-37 months instead of 46-57 months.

We review unpreserved challenges to the procedural reasonableness of a sentence for plain error. United States v. Rondón-García, 886 F.3d 14, 20 (1st Cir. 2018). Under that standard, the defendant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

The government concedes that Romero can establish plain error because application of the § 2L1.2(b)(2)(D) enhancement was a "clear and obvious" error that affected his "substantial rights." And the Supreme Court recently held that "[i]n the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1911 (2018). Rosales-Mireles is on all fours with Romero's case, as it involved an error in a presentence report, unnoticed by the parties and the district court, that inflated the Guidelines range of a defendant convicted of illegal re-entry from 70-87 months to 77-96 months. See id. at 1901.

The government's sole argument for an affirmance is that Romero waived his claim of error. See United States v. Corbett,

- 4 -

870 F.3d 21, 30 (1st Cir. 2017) ("Although a forfeited claim will be reviewed for plain error, 'a waived issue ordinarily cannot be resurrected on appeal.'" (quoting United States v. Walker, 538 F.3d 21, 23 (1st Cir. 2008))). The crux of the argument is that by not just failing to object but also affirmatively conceding to the district court that the PSR's 46-57 month Guidelines range calculation was "correct," Romero knowingly relinquished his right to challenge the applicability of any underlying enhancement. Cf. United States v. Bauzó-Santiago, 867 F.3d 13, 24 (1st Cir. 2017) (defining waiver as the "intentional relinquishment or abandonment of a known right"). Romero counters that he never "intended to proceed under an improperly calculated sentencing guideline range"; rather, he (like the Probation Office and the prosecution) simply "missed the inaccuracy" in the PSR.

We are dubious about the government's waiver rationale. Sentencing judges routinely ask defendants whether they have any objections to the contents of their presentence report, including in particular the calculated Guidelines range. Where the Probation Office has committed an error in preparing a presentence report that was not then caught by either the prosecution or defense counsel, treating the defendant's general concession that he has no objections and that the calculated Guidelines range is "correct" as a waiver of his right to challenge a subsequently identified error on appeal would undermine our law's distinction between

- 5 -

forfeiture and waiver.  Cf. Rosales-Mireles, 138 S. Ct. at 1907 (emphasizing that the Court "'routinely remands' cases involving inadvertent or unintentional errors, including sentencing errors," for plain error review (quoting Hicks v. United States, 137 S. Ct. 2000, 2000 (2017) (Gorsuch, J., concurring))); id. at 1904 (deeming it "unsurprising . . . that 'there will be instances when a district court's sentencing of a defendant within the framework of an incorrect Guidelines range goes unnoticed' by the parties as well, which may result in a defendant raising the error for the first time on appeal" (quoting Molina-Martinez v. United States, 136 S. Ct. 1338, 1342-43 (2016))).

In any event, we need not decide whether Romero's representations to the court amounted to waiver, for even if they did, we would excuse the waiver in the interest of justice. See United States v. Torres-Rosario, 658 F.3d 110, 116 & n.2 (1st Cir. 2011) (excusing waiver where it "would likely mean a much longer and arguably unjustified [prison] term" for the defendant and "there is no reason to think that the government would be unfairly prejudiced by reopening the issue").  In this case, all parties involved -- the Probation Office, the prosecution, and defense counsel -- simply missed the significance of Application Note 3 to U.S.S.G. § 2L1.2.  As a result, Romero's Guidelines range, which the court expressly took into account at sentencing, was more than a year higher than it should have been.  In addition,

the government acknowledges that it "would not be unfairly prejudiced if Romero's sentencing were reopened." Because resentencing will occur before the same judge, there is no risk of any gain by strategic sandbagging. Under these circumstances, resentencing is clearly warranted. Accordingly, the judgment is

**<u>Vacated and Remanded</u>**.