J-S83006-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEMETRIUS BAILEY | : | |
| | : | |
| Appellant | : | No. 373 WDA 2018 |

Appeal from the PCRA Order January 25, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006409-1994,
CP-02-CR-0008102-1994

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    FILED OCTOBER 07, 2019

Demetrius Bailey appeals pro se from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Appellant's petition is untimely on its face with none of the three statutory exceptions to the PCRA time-bar pleaded and proven. Therefore, the PCRA court correctly concluded that it lacked jurisdiction to consider the merits of his appeal, and properly dismissed the petition.  We affirm.

On December 20, 1994, a jury convicted Appellant of murder of the second degree and robbery, committed on May 5, 1994.  Appellant killed the victim, Michael Sayles, after unsuccessfully demanding money from him in a loud argument overheard by others in an apartment complex.  Appellant then

shot the victim in the head and, as the victim lay dead or dying, took money from the victim's pocket.

Three eyewitnesses saw various stages of the murder and robbery. Appellant, born on July 9, 1973, was twenty years old at the time of the murder, and twenty-one at the time of trial. After the verdict, the trial court sentenced him to a term of life imprisonment without parole.[1]

This Court affirmed judgment of sentence and our Supreme Court denied allowance of appeal. See Commonwealth v. Bailey, 673 A.2d 398 (Pa. Super. filed November 20 1995) (unpublished memorandum); appeal denied, 675 A.2d 1241 (Pa. filed April 23, 1996). The PCRA court notes that this is Appellant's sixth serial petition for post-conviction relief.[2] After the court denied relief, this timely appeal followed.

Appellant presents three questions for our review on appeal:

1.) Whether the imposition of Petitioner's life sentence violates Hicks[3] where a statute is unconstitutional under the plain error standard[?]

_____

[1] The sentencing court imposed no further penalty for the robbery conviction.

[2] The Commonwealth maintains that it is actually his seventh petition, citing Appellant's "Petition Challenging Constitutionality of Coroner's Statute, and Petition to Strike/Void Decree," on November 15, 2010. The court treated the petition as a fifth request for PCRA relief, and dismissed it on August 10, 2012. In a memorandum opinion docketed at 1645 WDA 2012 and dated November 12, 2013, this Court quashed the appeal as untimely filed. On June 4, 2014, our Supreme Court denied Appellant's petition for allowance of appeal, docketed at 72 WAL 2014. See Commonwealth's Brief, at 5.

[3] Hicks v. United States, 137 S. Ct. 2000 (2017).

- 2 -

2.) Whether the defective criminal information open charge of 18 Pa.C.S. § 2501 criminal homicide statute is facially unconstitutional under "Alleyne"[4][?]

3.) Whether petitioner is consider[ed] a juvenile under the Pennsylvania Juvenile Act, under (21) standard, where he was denied a decertification hearing in juvenile court violating his due process and equal protection rights[?]

Appellant's Brief, at 3 (unnecessary capitalization omitted).

Our standard of review is well settled.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. Commonwealth v. Robinson, 635 Pa. 592, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Callahan, 101 A.3d 118, 121 (Pa. Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa. Super. 2013).

_____

[4] Alleyne v. United States, 570 U.S. 99 (2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Commonwealth v. Woods, 179 A.3d 37, 42 (Pa. Super. 2017).

Although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant. Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

Commonwealth v. Lyons, 833 A.2d 245, 251–52 (Pa. Super. 2003)

(citations omitted).

Here, Appellant's judgment of sentence became final on July 22, 1996, ninety days after the Pennsylvania Supreme Court declined to grant his petition for allowance of appeal, and Appellant declined to petition the United States Supreme Court for a writ of certiorari. Therefore, the instant petition, filed on October 16, 2017, was not filed until over twenty-one years after the judgment became final. It is untimely on its face.

We begin our review by noting that, even liberally construed, Appellant fails to plead and prove that any of his claims constitutes a valid exception to the PCRA time-bar. Appellant makes no more than a mere bald assertion of governmental interference. Instead, in a rambling and frequently unfocussed argument, Appellant contends chiefly that his sentence was the result of "plain error" under Hicks.

Under Hicks, a court may correct an error where the court can easily discern the error, the error affects the defendant's substantial rights, and the error implicates the fairness, integrity, or public reputation of judicial proceedings. See Hicks v. United States, 137 S. Ct. 2000 (2017) (citation omitted) (Gorsuch, J., concurring in summary remand). However, Appellant does not even address, and ultimately fails to establish, that his sentence was plain error under the four-prong test discussed in Hicks.

Rather, he baldly asserts that his sentence was the result of governmental interference by the Pennsylvania Supreme Court and the trial court, as well as fraud on the court by the prosecutor. See PCRA Petition,

10/16/17, at 7-9; see also Appellant's Brief, at 6-7, 9. Notably, Appellant disregards that there was no agreement in his case, as there indisputably was in Hicks, that his sentence was erroneous. Appellant fails to develop a meaningful argument for his claim, and fails to provide controlling authority in support of it. The PCRA court maintains that Appellant's claims are frivolous. We agree. His first issue does not establish an exception to the time bar.[5]

In his second claim, Appellant argues that a charge of murder under section 2502 is unconstitutional under Alleyne v. United States, 570 U.S. 99 (2013).[6] Appellant's reliance is misplaced.

Alleyne held that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Id. at 103. Because the trial court here did not increase the penalty for an element of his crime not found by the jury, Alleyne simply does not apply. In any event, this Court has declined to construe Alleyne as

_____

[5] Moreover, it would not merit relief.

[6] We recognize that Appellant simultaneously asserts various purported defects to his conviction arising out of his (erroneously) assumed status as a juvenile, and claim of reduced culpability due to his undeveloped brain, (based on studies positing ongoing brain development into one's twenties), all while continuing to proclaim his innocence. See e.g., Appellant's Brief, at 6. This claim does not entitle him to relief. See Commonwealth v. Woods, 179 A.3d 37, 44 (Pa. Super. 2017).

applying retroactively to cases during PCRA review.  See Commonwealth v. Riggle, 119 A.3d 1058, 1064 (Pa. Super. 2015).

Furthermore, Appellant's assumption that the omission of a specific reference to murder of the second degree in a criminal information is constitutionally defective and a violation of Alleyne is utterly devoid of merit. See Commonwealth v. Chambers, 852 A.2d 1197, 1199 (Pa. Super. 2004) ("An information need not specify a degree of murder or the degrees of manslaughter in order to sustain the verdict of second degree murder.").

Furthermore, Appellant's Alleyne claim is untimely in itself, because the United States Supreme Court decided Alleyne on June 17, 2013, almost four years before Appellant filed the instant petition.  "[A]ny petition attempting to invoke one of these [PCRA] exceptions shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).[7] Appellant's second claim does not establish an exception to the PCRA time bar.[8]

_____

[7] On October 24, 2018, the Legislature amended § 9545(b)(2) to extend the filing deadline for invoking an exception to the time-bar from sixty days to one year.  See P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment only applies to claims arising on or after December 24, 2017.  Appellant filed this petition on October. 6, 2017. Therefore, the amendment is inapplicable to Appellant's claim.   See 42 Pa.C.S.A. § 9545(b)(2).

[8] Moreover, it would not merit relief.

Finally, in his third claim, Appellant baldly asserts that he was a juvenile within the meaning of the Juvenile Act. See Appellant's Brief, at 3. In a rambling argument, Appellant maintains, in effect, that he should have been treated as a "child" as defined in the Juvenile Act. See id. at 21-33. He asserts the failure to do so was unconstitutional. Appellant's claim fails to plead and prove a statutory exception the PCRA time-bar.[9]

First, leaving aside the untimeliness of the claim, and contrary to Appellant's argument, the special treatment provided to criminal offenders by the Juvenile Act is not a constitutional requirement. It is a statutory creation. See Commonwealth v. Cotto, 753 A.2d 217, 223 (Pa. 2000).

Furthermore, the Juvenile Act expressly affords its special protections to a "child," which it defines in pertinent part as an individual who "is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years." 42 Pa.C.S.A. § 6302. See also Commonwealth v. Monaco, 869 A.2d 1026, 1029 (Pa. Super. 2005) (holding appellant who was twenty-two years old at time he was arrested for relevant offenses did not satisfy statutory definition of child at that time, and no longer fell within ambit of juvenile justice system).

The Juvenile Act defines a child as an individual who:

(1) is under the age of 18 years;

_____

[9] Moreover, it is devoid of merit.

- 8 -

(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or

(3) was adjudicated dependent before reaching the age of 18 years and who, while engaged in a course of instruction or treatment, requests the court to retain jurisdiction until the course has been completed, but in no event shall a child remain in a course of instruction or treatment past the age of 21 years.

42 Pa.C.S.A. § 6302.

Plainly, in this case, Appellant does not qualify to be treated as a child under the Juvenile Act. See 42 Pa.C.S.A. § 6302(1); see also Monaco, 869 A.2d at 1028. Appellant was twenty when he committed the murder. Appellant fails to establish an exception to the PCRA time bar.

Finally, we note that Appellant's claim that a sentencing issue may be raised at any time is in contravention to well-established precedent. A challenge to the legality of sentence does not allow an appellant or a PCRA petitioner to evade the PCRA's timeliness requirements. In Commonwealth v. Fahy, 737 A.2d 214 (Pa. 1999), our Supreme Court rejected this contention.

The Fahy Court explained, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." Id. at 223 (citation omitted).

An appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence. See id. Appellant's sentence claim does not present an exception to the statutory time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/7/2019